**IN THE COURT OF APPEALS OF IOWA**

No. 15-1792
Filed January 13, 2016

**IN THE INTEREST OF D.B. and C.B.,**
    **Minor Children,**

**T.B. JR., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Carroll County, Adria A.D. Kester, District Associate Judge.

A father appeals from a juvenile court's order terminating his parental rights. **AFFIRMED.**

Kevin E. Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Janet L. Hoffman, Assistant Attorneys General, for appellee.

Christine L. Sand of Wild, Baxter & Sand, P.C., Guthrie Center, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J. and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A father appeals from a juvenile court's order terminating his parental rights to his daughter, C.B., born in December 2013.[1] We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). When a juvenile court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The father argues the State failed to prove the grounds for termination under Iowa Code section 232.116(1)(e), (h), and (*l*) by clear and convincing evidence. He further contends termination was not in the child's best interests because the child was placed with a relative, the child's maternal grandmother, and was closely bonded with the father. *See* Iowa Code § 232.116(3). We have carefully reviewed the record, the briefs of the parties, and the juvenile court's lengthy, fact-intensive, and thorough ruling. We approve of the reasons and conclusions in the opinion and determine a full opinion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(d), (e).

The juvenile court properly determined that throughout the pendency of this case the father continued to abuse illegal substances; continued to engage in criminal activity; refused to participate in mental health and substance abuse

---

[1] The juvenile court also terminated the parental rights of C.B.'s biological mother pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2015). In the same order, the juvenile court terminated the mother's parental rights to an older child, D.B., and the parental rights of D.B.'s biological father. The mother filed a timely notice of appeal but did not timely file her petition on appeal. Our supreme court subsequently dismissed the mother's appeal. D.B.'s biological father did not appeal the termination of his parental rights.

services; failed to maintain stable housing, failed to contribute to the child's needs financially; failed to make any progress in caring for the child; and never progressed beyond short, supervised visits. At the time of the combined permanency and termination-of-parental-rights hearing, the father was in prison serving a five-year sentence for possession of methamphetamine, third offense. The child has never lived with her father, having lived with her maternal grandmother since birth. Thus, the juvenile court found that although the child has a bond with the father, the child has a stronger bond with her maternal grandmother who is willing to adopt her. Upon our de novo review, we agree with the juvenile court's conclusion that the State proved the grounds for termination under Iowa Code section 232.116(1)(h) by clear and convincing evidence[2] and that termination of the father's parental rights is in the child's best interests.

Accordingly, we affirm pursuant to Iowa Court Rule 21.26(1)(a), (b), (d), and (e).

**AFFIRMED.**

---

[2] In an unpublished opinion, our court held that in deciding whether to terminate a parent's parental rights under Iowa Code section 232.116(1)(*l*), "[i]t is no longer sufficient for the court to assess in lay terms whether the parent suffers from 'a severe, chronic substance [abuse] problem.' The definition of substance-related disorder requires consideration of diagnostic criteria from the DSM-5." *In re G.B.*, No. 14-1516, 2014 WL 6682456, at*3 (Iowa Ct. App. Nov. 26, 2014).